UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>STEVEN ADGATE,<br><br>          Defendant. | No.  2:12-CR-00198-MCE<br><br>**ORDER** |

Presently before the Court is Defendant Steven Adgate's Motion for Stay of Self Surrender.  ECF No. 1225.  By way of that Motion, Defendant seeks to delay the date that this Court ordered he surrender himself to the Bureau of Prisons to begin serving his 26-month criminal sentence in the above-captioned case.  According to Defendant, his total offense level was overstated by four levels because, under a recent Ninth Circuit decision, <u>United States v. McIntosh</u>, Case No. 15-10117 (9th Cir. 2016), the Court impermissibly considered Defendant's involvement in an uncharged state marijuana grow when it performed its guidelines calculations.  Defendant thus seeks to delay his reporting date for a reasonable time so this issue may be resolved.  Defendants' Motion is DENIED because the Court lacks jurisdiction to provide his requested relief.

///

///

1     "A court generally may not correct or modify a sentence of imprisonment once it has been imposed." United States v. Aguilar-Reyes, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)).  Indeed, "[a] court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" Id. (quoting 18 U.S.C. § 3582(c)(1)(B)).  Defendant has identified no statute that might permit the Court to modify his sentence here.  Rather, the Court is limited to Federal Rule of Criminal Procedure 35(a), which states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  This fourteen-day period limitation is jurisdictional. Aguilar Reyes, 653 F.3d at 1056.

    Defendant was sentenced and judgment entered on July 7, 2016, but he did not file his instant Motion, which itself seeks only to delay surrender and does not actually expressly seek a reduction yet, until August 18, 2016.  Because more than fourteen days have passed since Defendant's sentencing, however, the Court lacks jurisdiction to correct that sentence now.  Accordingly, there is no reason to consider the impact, if any, McIntosh would have had in Defendant's case or to extend Defendant's self-surrender date.  Defendant's Motion (ECF No. 1225) is DENIED.

    IT IS SO ORDERED.

Dated:  August 24, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE